IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STANLEY YELARDY,                           )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   ) Civil Action No. 03-1032-GMS
                                           )
COMMISSIONER STANLEY TAYLOR,               )
et al.,                                    )
                                           )
            Defendants.                    )

## MEMORANDUM ORDER

At Wilmington this 9th day of *feb.* , 2009, having considered the parties' pending

motions (D.I. 168, 177, 178, 181, 184, 190, 199, 208);

IT IS ORDERED that:

## I. Introduction

The plaintiff, Stanley Yelardy ("Yelardy"), filed this *pro se* civil rights action on

November 13, 2003, pursuant to 42 U.S.C. § 1983. At the time the complaint was filed, Yelardy

was a pre-trial detainee at the Howard R. Young Correctional Institution ("HRYCI"). He is

currently housed at the James T. Vaughn Correctional Center ("VCC").

## II. Motion to Withdraw as Counsel

The motion to withdraw as counsel for the defendants Martha Boston ("Boston") and

Susan Mann ("Mann") is **granted**. (D.I. 181.) On or before  March 6 , 2009, Boston

and Mann shall: (a) either retain new counsel, or inform the court they are proceeding *pro se*,

that is without the help of counsel; (b) if they so choose, object to service of process as preserved

in the affirmative defenses set forth in their answer; and (c) respond to all outstanding discovery.

Failure of either Boston or Mann to timely comply with this Order shall be considered a failure to

defend and the court shall conduct a hearing at some time in the future to determine whether judgment (and in what amount) shall be entered against either Boston or Mann.

## III. Motion to Compel

The plaintiff Stanley Yelardy's ("Yelardy") motion to compel is **denied** as to the state defendants and **denied without prejudice** as to the defendants Boston and Mann. (D.I. 168.) Yelardy has served many discovery requests upon the State defendants, and they have either supplied the discovery information or objected to the requests. Yelardy moves to compel the State defendants to provide discovery to which they objected. Yelardy also served discovery requests upon the defendants Boston and Mann, with no response. As noted above, their counsel has been allowed to withdraw and they are given thirty days to respond to all outstanding discovery directed to them. Accordingly, the motion to compel as to the defendants Boston and Mann is **denied without prejudice**.

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)[1]."

_____

[1]Rule 26(b)(2)(C) provides that the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

The State defendants' main objections to Yelardy's discovery requests are that Yelardy

seeks discovery for claims dismissed by the court[2] and for documents that are protected from

---

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

[2]On March 2, 2006, the court dismissed without prejudice the defendants Lieutenant Beatrice McClain ("McClain"), the Quick Response Team ("QRT"), Lieutenant P. Sheets ("Sheets"), Correctional Officer ("C/O") Courtney Rivera ("Rivera"), and the Delaware Department of Correction ("DOC") for Yelardy's failure to timely submit USM-285 forms as ordered by the court. (D.I. 84.) A motion to reconsider this Order was denied on March 14, 2006. (D.I. 87.)

On the same date, March 14, 2006, the court ruled on the State defendants' motion to dismiss. (D.I. 86.) The Memorandum and Order allowed Yelardy to proceed with (a) a triple celling/sleeping on the floor claim against the defendants former DOC Commissioner Stanley Taylor ("Taylor") and former HRYCI warden Raphael Williams ("Williams"); (b) an unreasonable abusive strip and body cavity search claim and First Amendment book censorship claims against former HRYCI assistant warden Perry Phelps ("Phelps"); and (c) the claim for injunctive or prospective relief. Noteworthy is that the Order gave Yelardy leave to amend **only** the lack of adequate heat and medical needs claims and to provide allegations with respect to any physical injuries he received. The order dismissed all remaining claims, including (a) all claims against the State defendants in their official capacities; (b) the claims against Sgt. J. Medford ("Medford"), now deceased, and C/O Mark Cannon ("Cannon"); (c) all claims relating to the calling of a riot code and restraints; (d) the routine search and shakedown claims; (e) the no-contact visitation claims; (f) the classification claim; (g) the claims against Lt. Joseph Sabato ("Sabato") relative to a report he authored regarding the handcuffing of detainees during routine shakedowns; (h) the mail censorship claim; (i) the access to the courts claim; and (j) the claims regarding the inadequacy of the grievance systems.

Yelardy filed a motion for an extension of time to comply with the Order allowing him to amend, followed by a motion to amend the complaint. (D.I. 95, 97.) Both motions were unopposed by the State defendants, and the court granted the motions. (D.I. 96, 98, 99.) The second amended complaint reinstated the defendants DOC, QRT members, Sheets, and McClain.

As allowed, the second amended complaint realleged the lack of adequate heat and medical needs claims. It added as defendants Sgt. Demetrius Green ("Green"), mental health chief Boston, medical administrator Kathleen Newell ("Newell"), nurse Lia ("Lia"), Mann, maintenance supervisor Douglas Rodgers ("Rodgers"), Sgt. Mary Moody ("Moody"), administrative specialist Ann Downey-Carlton ("Downey-Carlton"), Cpl. Sean Dial ("Dial"), former Bureau of Prisons ("BOP") bureau chief Paul W. Howard ("Howard"), and BOP grievance officer Richard E. Seifert ("Seifert"). Although the court did not give Yelardy leave to

disclosure by state law pursuant to 11 Del. C. § 4322. The objections are well-taken. Moreover, the court notes that the State defendants have provided a voluminous amount of discovery to Yelardy, even when they have objected to his requests. *See* D.I. 92, 93, 94, 101,152, 159. Therefore, the motion to compel as to the State defendants is **denied**.

## IV. Motions for Temporary Restraining Orders

Yelardy's motions for temporary restraining orders are **denied**. (D.I. 177, 184, 190.) Yelardy moves for injunctive relief on the basis that he is a victim of retaliation as a result of filing a motion for summary judgment. (D.I. 177, 184, 185, 186, 137, 190, 196, 198.) More particularly, Yelardy claims that beginning on April 4, 2008, certain actions were taken against him as a result of a motion for summary judgment filed on April 1, 2008.[3] (D.I. 177, 184, 190.) On April 4, 2008, Yelardy was told his name came up in an investigation and he was being moved to the Security Housing Unit ("SHU"). His cell was searched and his personal items and legal documents were confiscated. Yelardy was released from SHU on April 8, 2008. On April 10, 2008, Yelardy's photo album, personal telephone book, and Qur'an were returned to him. He was told that his legal papers, news articles, and personal writing were confiscated as being excessive, that he would receive a write-up, and there would be hearing. Yelardy received the disciplinary report on April 14, 2008, and was found guilty on April 25, 2008. Yelardy also complains of interference with his personal and legal mail. Yelardy asks the court to restrain the

---

do so, the amended complaint reinstates claims previously dismissed, including (a) the claims against the QRT members later identified by Yelardy on July 17, 2006; (b) classification claims raised against McClain; and (c) grievance claims raised against Mann, Moody, and Howard; and (d) access to the courts claim against Howard. (D.I. 100, 107.) The court will address the reinstated claims in a separate order. Green, Newell, and nurse Lia have never been served.

[3]Docket items 177 and 184 are identical.

State defendants from retaliating against him, seeks two hundred dollars for each day that the State defendants withheld his legal documents, compensation for his discarded commissary items, and punitive damages.

The State defendants responds that a corrections officer discovered an anonymous letter on April 4, 2008, addressed to VCC warden Phelps.[4] (D.I. 195.) The letter contained death threats to the warden, his family, and corrections staff. The corrections officer who found the letter determined that the handwriting was similar to Yelardy's and, as a result, for the safety and security of the institution, Yelardy was moved to a higher security level pending the investigation. On April 10, 2008, corrections officers conducted a shakedown of Yelardy's cell. Because Yelardy was in possession of over four boxes of legal work in violation of DOC policies and procedures, his legal work was confiscated and held in the property room. (D.I. 188.) On May 2, 2008, the legal services administrator sat with Yelardy while Yelardy went through his legal work. Yelardy filled three boxes with legal materials and is allowed to keep the three boxes in his cell. He also may designate a recipient to whom he may give the rest of his materials.

In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Williamson v. Correctional Med. Services, Inc.*, No. 07-4425 (3d Cir. Dec. 23, 2008) (quoting *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.*

---

[4]Phelps was previously the assistant warden at the HRYCI.

(citations omitted). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

Upon review of the allegations made by Yelardy and the State defendants' response, the court concludes that Yelardy has not demonstrated the likelihood of success on the merits. Yelardy claims that the letter to Phelps was a hoax to retaliate against him and separate him from his legal materials. Yet the evidence before the court is that Yelardy was taken to SHU and his cell searched as a result of death threats. He remained in a higher security classification for only a few days. Also, while he had a large number documents in derogation of DOC rules, Yelardy was allowed to cull through his legal materials, and the bulk of his legal materials were returned to him. Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

## V. Motion for Extension of Time

The State defendants motion for extension of time to file a response to Yelardy's motion for summary judgment is **denied** as **moot**. (D.I. 178.) Yelardy opposes the motion. (See D.I. 207, 210, 213.) At the time Yelardy filed his motion for summary judgment discovery was not complete, Yelardy had not been deposed, several defendants had just been served, and the State defendants did not believe the matter was ripe for summary judgment. Since that time Yelardy has been deposed and the State defendants have filed a cross motion for summary judgment.

## VI.  Notice of Non-Compliance

Yelardy's request for the court to order the State defendants to submit the correct address

for Green is **granted** as discussed.  (D.I. 189.)  On February 11, 2008, the court ordered the State

defendants to assist Yelardy with his service of several State defendants.  (D.I. 164.)  The State

defendants provided an address for Green, but it was returned, "not deliverable as addressed

unable to forward."  (D.I. 175.)  The State defendants shall check their records to determine if

they have a different address for Demetrius Green, other than the one previously submitted.  If

they do, they shall submit the address under seal within **thirty days** from the date of this Order.

Within the same **thirty** days, Yelardy shall submit to the court a complete U.S. Marshal-

285 form, with the exception of the address for Demetrius Green, as well copies of the complaint

(D.I. 2), its supplements (D.I. 7, 15), the first amended complaint (D.I. 43,) and the second

amended complaint (D.I. 100) for service upon Green in the event the State defendants have

located a different address from that previously submitted.  The clerk of the court will complete

the USM-285 form with the correct address provided.  The packet will be forwarded to the U.S.

Marshal for service.  The return of the USM-285 forms shall be placed under seal.

## VII.  Motion for Leave to File a Third Amended Complaint

Yelardy's motion for leave to file a third  amended complaint is **denied**.  (D.I. 199.)

Yelardy moves to amend his complaint to add a retaliation claim against several corrections

employees at the VCC for their alleged actions during April and June 2008.  Most of the alleged

actions are described in Section IV above discussing Yelardy's motions for injunctive relief.  The

State defendants oppose the motion on the grounds that none of the newly proposed individuals

have ever been a party to this case and futility of amendment.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Deciding whether to grant leave is within the discretion of the court and should be exercised within the context of the liberal pleading rules. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Leave to amend should be granted unless equitable considerations render amendment unjust. *Id.* The court may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

The court finds that it is not appropriate to add retaliation claims to the instant action. The court acknowledges that the issues concern matters which occurred following the filing of

-8-

the instant complaint.  However, the alleged actions occurred some five years after the original

complaint was filed, none of the proposed defendants are currently named as defendants, the

alleged acts took place at a correctional facility other than the one at issue in the original

complaint, discovery appears to complete, and dispositive motions have been filed.  The issues

presented are more properly pursued as a new cause of action and are not of the related

"supplemental nature" contemplated by Fed. R. Civ. P. 15(d).  Even were the court were to allow

the amendment, as previously discussed in Section IV, it does not appear to have merit sufficient

to survive a motion to dismiss.  *See Foman,* 371 U.S. at 182 (stating that undue delay, undue

prejudice to the opposing party, and futility are proper grounds for denying an amendment).

## VIII. Motion for Ruling on Motions

Yelardy's motion for ruling on motions is **denied** as **moot**.  (D.I. 208.)

## IX. Show Cause

The defendants Kathleen Newell ("Newell") and nurse Lia ("Lia") have never been

served.  Therefore, on or before_____March 6_____, 2009, Yelardy shall **show cause** why the

defendants Newell and Lia should not be dismissed for failure to serve process upon them, within

120 days of filing the complaint, pursuant to Fed. R. Civ. P. 4(m).

CHIEF, UNITED STATES DISTRICT JUDGE