## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY YELARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-1032-GMS |
| | ) |
| SGT. DEMETRIUS GREEN, MARTHA | ) |
| BOSTON, MED. ADMINISTRATOR | ) |
| KATHLEEN NEWEL, NURSE LIA, | ) |
| and SUSAN MANN, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

### I. INTRODUCTION

The plaintiff, Stanley Yelardy ("Yelardy"), filed this *pro se* civil rights action pursuant to

42 U.S.C. § 1983. At the time the complaint was filed, Yelardy was a pre-trial detainee at the

Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware. He is currently

housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. Presently

before the court are several pending motions filed by Yelardy and the defendant Martha Boston

("Boston"). (D.I. 231, 232, 236, 242, 243.)

### II. FACTUAL AND PROCEDURAL BACKGROUND

Yelardy filed his complaint on November 12, 2003. (D.I. 2.) He has since filed several

amendments, and the case now proceeds on the second amended complaint. (D.I. 100.) Only

medical needs claims remain against the defendants Demetrius Green ("Green"), Boston,

Kathleen Newell ("Newell"), Nurse Lia ("Lia'), and Susan Mann ("Mann"). All other

defendants have either been dismissed or granted summary judgment. (D.I. 43, 84, 224.) Green,

Newell, and Lia have not been served.

Boston and Mann were represented by counsel, but their attorney withdrew from their representation. (D.I. 223.) On February 10, 2009, the court ordered Boston and Mann, on or before March 6, 2009, to either retain new counsel, or inform the court if they intended to proceed *pro se*. *(Id.)* Boston proceeds *pro se*. (D.I. 235.) Mann did not comply with the order. The February 10, 2009 order also required Yelardy to show cause why Newell and Lia should not be dismissed for failure to serve process upon them, within 120 days of filing the complaint, pursuant to Fed. R. Civ. P. 4(m). (D.I. 223.)

Yelardy entered the HRYCI on March 12, 2003, as a pre-trial detainee. (D.I. 217, A97.) He alleges that the defendants were aware of the unconstitutional conditions of confinement at the HYRCI and there was common knowledge of violence and sexual assault by sentenced inmates. (D.I. 100.) He alleges that while there as a pre-trial detainee, on an unidentified date, he was physically assaulted by sentenced inmate, and believes that he contracted Hepatitis C from that inmate. *(Id.* at 3.) He further alleges that the defendants failed to take corrective action in response to the high rates of assaults on pre-trial detainees and patterns of assault. *(Id.)* With regard to Boston, the mental health chief, Yelardy specifically alleges that: (1) he complained to her via correspondence and an interview with department staff about the physical and mental abuse by the sentenced inmate, but she took no action; (2) Boston was indifferent to his needs and he is now on chronic care for Hepatitis C; (3) had Boston been vigilant, the disease would have been detected earlier; and (4) Boston provided no mental relief to him "during the two years of eighteen hours of lockdown, each day as a pre-trial detainee." *(Id.* at 6-7.) Boston moves to dismiss for failure to state a claim and/or requests summary judgment on the claims raised

-2-

against her in the second amended complaint. (D.I. 236.) Yelardy opposes the motion.[1] (D.I. 246.)

## III. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the

---

[1]Yelardy filed a motion for enlargement of time to respond to Boston's motion. (D.I. 243.) The court considers his opposition to Yelardy's motion as timely filed and will deny as moot the motion for an enlargement of time.

complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Yelardy proceeds *pro se,* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## B. Discussion

Yelardy specifically alleges that he complained to Boston and her staff about the physical and mental abuse he received from sentenced inmates, but she took no action. He alleges that Boston provided him no mental relief to him "during the two years of eighteen hours of lockdown, each day as a pre-trial detainee" and was indifferent to his medical needs with regard to Hepatitis C.

Liberally construing Yelardy's second amended complaint, as the court must, his factual allegations permit the inference that Boston acted with deliberate indifference to his medical and mental health needs. Thus, for pleading purposes, his allegations are sufficient to survive a motion to dismiss. For these reasons, the court will deny the motion to dismiss and will deny without prejudice, with leave to renew, the alternative motion for summary judgment. (D.I. 236.) The court will enter a briefing schedule for the filing of summary judgment motions.[2]

_____

[2]Boston filed a motion for summary judgment in the alternative. Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court would have been better able to evaluate Boston's position on summary judgment had the motion been supported by averments under oath and exhibits. While Boston referred to many exhibits, none were provided to the court. It is not the court's role to scour the record to find the documents in support of a motion for summary judgment. *See Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006).

-4-

## IV. MISCELLANEOUS MOTIONS

### A. Motion for Sanctions

On February 11, 2008, the court ordered the State defendants to assist Yelardy with his service of several State defendants, and they did, but the address for Green was insufficient. (D.I. 164, 175.) As a result, the court ordered the State defendants to check their records to determine if they had a different address for Green, other than the one previously submitted. (D.I. 223.) In compliance with the order, the State defendants submitted another address for Green. (D.I. 225.) Service was again attempted, albeit unsuccessfully. The USM-185 form was returned to sender - "undeliverable as addressed." (D.I. 230.)

Yelardy asks the court to impose sanctions on the grounds that the "State defendants cannot claim that they do not have a valid address for a retired employee." (D.I. 231.) The State defendants complied with the court's February 10, 2009 order and provided the "last known address on file" for Green. They have done nothing to warrant the imposition of sanctions. Therefore, the court will deny the motion for sanctions. (D.I. 231.)

This case is several years old. If Green is not served within twenty-one days from the date of this order, he will be dismissed as a defendant.

### B. Motion for Default Judgment

On February 10, 2009, the court ordered Mann, on or before March 6, 2009, to either retain new counsel, or inform the court if she intended to proceed *pro se*. (D.I. 223.) Mann did not comply with the order. The order warned that "failure . . . to timely comply with this Order shall be considered a failure to defend and the court shall conduct a hearing at some time in the future to determine whether judgment (and in what amount) shall be entered. (*Id.*) Yelardy,

-5-

noting Mann's non-compliance, moves the court to enter judgment in his behalf and to award damages. (D.I. 232.) Mann has not participated in this case since her attorney withdrew.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). The court finds that, despite Mann's participation in the case, it is proper to enter her default under Rule 55(a) due to her failure to "otherwise defend" herself. *Carter Footwear Inc., v. Graystone World-Wide, Inc.*, Civ. No. 98-2133, 2007 WL 4443329 (M.D. Pa. Dec. 18, 2007) (*citing Rhino Associates, L.P., v. Berg Manuf. & Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (Although defendant filed an answer in this action, the entry of default is nonetheless appropriate for its failure to "otherwise defend" itself)*; see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) ("The failure to plead is no greater an impediment to the orderly progress of a case than is the failure to appear at trial or meet other required time schedules, and we see no reason why the former would be subject to a sanction [under Rule 55] not equally applicable to the latter").

For the above reasons, the court will direct the clerk of court to enter default against Mann pursuant to Rule 55(a). The court will deny without prejudice Yelardy's motion for default judgment. (D.I. 232.) Yelardy, however, may file documentation with the court describing how he has been injured by the defendant Susan Mann. The court will determine whether default judgment and/or damages are appropriate based on this filing and the other papers of record.

-6-

## C. Motion to Amend

Yelardy filed a motion to supplement complaint to include additional defendants and request for an order to execute service of process which the court construes as a motion for leave to file a third amended complaint. (D.I. 242.) He seeks to add as defendants First Correctional Medical, Inc. ("FCM"), Chubb Group of Insurance Companies ("Chubb"), Tammy Kastre, M.D. ("Kastre"), and Dr. Kris Foti ("Foti"). Yelardy states that "it has become apparent from discovery and information" that the foregoing individuals are liable for damages caused by their policies and procedures. (*Id.*)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. " *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

-7-

Deciding whether to grant leave is within the discretion of the court and should be exercised within the context of the liberal pleading rules. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Leave to amend should be granted unless equitable considerations render amendment unjust. *Id.* The court may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Yelardy seeks to add FCM and Kastre as defendants stating, among other claims, that FCM did not honor its contractual obligations to provide appropriate medical and mental health services, and that Kastre, as its chief executive officer, was responsible for that failure. At the time Yelardy filed this case, it was common knowledge that FCM was the medical services provider for the Delaware Department of Correction and that Kastre was its president, yet Yelardy has waited close to six years before moving to add them as defendants. His position that his proposed claims against FCM and Kastre just became apparent from discovery and information is spurious.

Yelardy also seeks to add Chubb as a defendant on the grounds that it is financially obligated for the malpractice of FCM employees. The second amended complaint, however, does not raise a malpractice claim; it speaks only to violations of Yelardy's civil rights. Hence, the act of amending the complaint would be futile.

The same is true as to the proposed claim against Foti. Yelardy alleges that Foti, to whom Boston reported, was directly responsible for the contractual compliance of mental health services provided to the Delaware Department of Correction. It is apparent that this claim is based upon Foti's supervisory position. As is well-known, liability in a § 1983 action cannot be

predicated solely on the operation of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted).

For the above stated reasons, the court finds it inappropriate to grant leave to amend the complaint. Yelardy has been given ample opportunity amend his complaint, and allowing amendment at this late stage will merely further delay of resolution of the case. For the above reasons, the court will deny the motion to amend. *See Foman,* 371 U.S. at 182 (stating that undue delay, undue prejudice to the opposing party, and futility are proper grounds for denying an amendment).

### D. Show Cause

The court ordered Yelardy to show cause why Newell and Lia should not be dismissed for failure to serve process upon them, within 120 days of filing the complaint, pursuant to Fed. R. Civ. P. 4(m). (D.I. 223.) Yelardy responds that the failure to serve Newell and Lia is evidence of the defendants' evasive and disingenuous response to discovery requests. (D.I. 226.) Both returns of service for Newell and Lia were returned unexecuted as "unknown individuals." (D.I. 136, 137.) Yelardy propounded discovery upon the State defendants in an effort to obtain addresses for Newell and Lia. The State defendants, however, were unaware of the mailing address of these two defendants. (D.I. 101, ¶¶ 9, 10.) Yelardy contends that he has made an honest effort to obtain the correct information to serve the defendants. He asks that the warden at VCC be held in contempt.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice . . . provided that if the plaintiff shows good cause for the failure, the court

-9-

shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Yelardy

blames the State defendants for not providing him with the correct addresses of Newell and Lia,

but the State defendants cannot provide what they do not have. Ultimately it is Yelardy's

responsibility to serve the defendants against whom he filed this action. Hence, the court finds

that Yelardy has failed to show good cause for the failure to serve Newell and Lia. They will,

therefore, be dismissed without prejudice pursuant to Fed. R. civ. P. 4(m).

## V. CONCLUSION

For the above stated reasons the court will deny all pending motions. An appropriate

order will be entered.

Nov 19 , 2009
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

-10-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANLEY YELARDY,                          )
                                          )
      Plaintiff,                       )
                                          )
    v.                                   ) Civil Action No. 03-1032-GMS
                                          )
SGT. DEMETRIUS GREEN, MARTHA              )
BOSTON, MED. ADMINISTRATOR                )
KATHLEEN NEWEL, NURSE LIA,                )
and SUSAN MANN,                           )
                                          )
      Defendants.                      )

**ORDER**

At Wilmington this 19th day of ___Nov._____, 2009, for the reasons set forth in

the Memorandum issued this date;

1. The plaintiff's motion for sanctions is **denied**. (D.I. 231.)

2. The plaintiff's motion for default judgment as to Susan Mann is **denied without**

**prejudice**. (D.I. 232.) The clerk of court is directed to enter **default** against Susan Mann.

3. Within **thirty (30) days** from the date of this Order, the plaintiff may file

documentation with the court describing how he has been injured by the defendant Susan Mann.

The court will determine whether default judgment and/or damages are appropriate based on this

filing and the other papers of record.

4. The defendant Martha Boston's motion to dismiss is **denied** and the motion for

summary judgment is **denied without prejudice** with leave to renew. (D.I. 236.)

5. Summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before *February 1*, 2009. The answering brief will be filed on or before *February 15*, 2009, and the reply brief due on or before *March 1*, 2009. Requests for extensions of time must be made no later than fourteen days prior to the expiration of time.

6. The plaintiff's motion to amend the second amended complaint is **denied**. (D.I. 242.)

7. The plaintiff's motion for an extension of time is **denied** as **moot**. (D.I. 243.)

8. The defendants Kathleen Newell and Nurse Lia are **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

9. If the defendant Demetrius Green is not served within **twenty-one (21) days** from the date of this Order, he will be dismissed without prejudice.

CHIEF, UNITED STATES DISTRICT JUDGE